UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DEBORAH LAUFER, INDIVIDUALLY,

                       Plaintiff(s),

-against-

SHREE HARI HOLDINGS LLC,

                       Defendant(s).

**MEMORANDUM OF LAW**

Index No.: 3:19-CV-1559
(BKS/ML)

**PRELIMINARY STATEMENT**

Plaintiff, a Florida resident, and her attorneys brought lawsuits against at least 26 hotels across the Northern District of New York alleging violations of Title III of the Americans with Disabilities Act on the basis of third-party website listings of the hotels. These third-party listings to which Plaintiff objects occur on a variety of websites, such as booking.com or expedia.com that are not owned or operated by the individual hotel owners.

While depite acknowledging that "[t]he commercial websites, themselves, are the public accommodation at issue." *Laufer v. Laxmi & Sons*, 1:19-cv-01501-BKS-ML, Docket 17, *Plaintiff's Memorandum of Law, p. 6,* Plaintiff has not sought to join the owners/operators of these third-party websites, despite the fact that, should she be successful, the injunctive relief she seeks cannot be granted without these third-party websites making the changes Plaintiff seeks.

Instead, Plaintiff has sought to hold the owners of the physical hotels liable for the third-party websites, even where, as here, they do not own or operate the websites in question.

Shree Hari Holdings, LLC seeks dismissal pursuant to Fed. R. Civ. P. 19 for the failure to join a necessary party; for summary judgment pursuant to Rule 56 as it is not the owner/operator of the subject websites and does not own or operate any website or on-line reservation system.

Alternatively, the Court should deny the motion to amend the complaint and moot and dismiss the Complaint pursuant to 12(b)(1) on the basis that the Amended Complaint does not meet the standing requirement.

## STATEMENT OF FACTS

### The Parties

According to the Complaint, Plaintiff is "a resident of Pasco County, Florida, is sui juris, and qualifies as an individual with disabilities as defined by the ADA." Complaint ¶ 1.[1]

Defendant Shree Hari Holdings, LLC ("Shree Hari") is the owner and operator of a hotel located at 100 Upper Front Street in Binghamton, NY ("the Hotel"). For the Hotel, Shree Hari is a party to a franchise agreement with Choice Hotels International, Inc. ("Choice"). Patel Aff. ¶ 1-2, Ex. "A".

### The Franchise Agreement Between Shree Hari and Choice

The franchise agreement provides that Choice is the owner and operator of the Choice On-line Reservation System and the Choice Property Management Sysem. The franchise agreement requires Shree Hari to use the Choice Property Management System and the Choice Reservation System. *Exhibit "A"*, Paragraph 5(c) and 7. The franchise agreement provides that Choice in its "sole discretion" is in charge of "advertising, publicity, public relations, marketing, promotional programs, website maintenance, reservations and other similar services" for the Hotel. *See Exhibit "A",* Paragraph 4(b)(2).

### Allegations of the Complaint

Plaintiff complaints that she:

> visited the ORS (On-line reservation system) for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether it meets the

---

[1] Defendant will refer to the proposed amended complaint in this motion.

> requirements of 28 C.F.R. Section 36.302(e) and her accessibility needs. However, Plaintiff was unable to do so because Defendant failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e). As a result, Plaintiff was deprived the same goods, services, features, facilities, benefits, advantages, and accommodations of the Property available to the general public.

Am. Compl. ¶ 13.

Plaintiff then complains about the content of various third-party websites including booking.com, expedia.com, hotels.com and agoda.com. Shree Hari is not the owner or operator of any of these websites.

### Choice Website

It is not clear what Plaintiff means when she says she goes to the On-line Reservation System. Plaintiff does not specifically identify what that website is. When an end user, such as Plaintiff goes to the Choice reservation website, the user may search by individual hotels. Plaintiff complains, among other things, that the reservation website fails to state the accessibility for a variety of amenities. Many of the amenities Plaintiff lists in her Complaint are not listed as amenities of the Hotel. *See Exhibits "B" and "C"*. It appears that Plaintiff continues to rely on a form complaint in making allegations against Defendant.

Plaintiff also complains that the website fails to describe specific disabled accessible rooms; however, the listing for the Hotel does include specific disabled accessible rooms and their amenities. When a reservation comes to the Hotel through the on-line Reservation System, if the customer has chosen a specific disabled accessible room, that specific disabled accessible room is reserved for the individual. *See Exhibit "C"*; Patel Aff. ¶ 12.

### Third Party Websites

Defendant Shree Hari has no contact with third-party websites that take hotel reservations and has no knowledge of how they get their information or how they decide what to list or not

3

list. Shree Hari has literally no control over the websites. Specifically, Shree Hari has no contact with booking.com, expedia.com, hotels.com, or agoda.com. The franchise agreement between Choice and Shree Hari leaves all marketing decisions to Choice. Upon information and belief, some or all of those websites may also use aggregators which collect information from the world wide web (i.e. the Choice on-line reservation system) but choose to display it differently. These reservations show up in the Choice On-line reservation system in the same way as other reservations. In particular, a reservation for a disability accessible room shows up as a reservation for the specific disability accessible room chosen. Patel Aff. ¶ 16.

As a franchisee of Choice, Shree Hari does not have the ability to not list with third-party sites, or to list or not list with any particular third-party sites. Choice has control over that decision.

### Additional Allegations in the Proposed Amended Complaint

In response to this Court's order testing Plaintiff's standing to bring this and the 26 other lawsuits, Plaintiff has moved to amend her complaint to assert the following:

6. Plaintiff has a system of rechecking the online reservations systems of each and every hotel she has sued. In this regard, she maintains a list of every hotel she has sued, and records the dates she visits their reservations systems. Pursuant to that system, she visited the websites for Defendant's hotel multiple times prior to filing the instant lawsuit. In every case, once the complaint is filed, she also marks a date for the near future to revisit the hotel's system. In this case, one of the times was on November 15, 2019. Once it is established when the hotel's system is required to become compliant, whether by settlement agreement or court order, the plaintiff records the date. She then revisits the hotel's system when that date arrives. By this system, Plaintiff revisits the websites for every hotel she sues at least two times after the complaint is filed.

7. Plaintiff has family in New York and travels to the State to visit them frequently. She also has traveled extensively throughout the State. When she visits, she stays in hotels. She plans to return to the State and to travel to all the regions of the State as soon as the Covid crisis is over and will return again in the subsequent future consistent with her frequent visits to the area. This includes the Binghamton Zoo, Roberson Museum and Science Center, and the Cutler Botanical Gardens. Plaintiff needs Defendant's hotel reservations system to be compliant so that she can compare hotels and ascertain whether or not their features and rooms are accessible to her. Unless and until Defendant's hotel's system becomes compliant, Plaintiff is deprived the ability to make a meaningful choice in making her upcoming travel plans and stay in hotels in the area.

4

*Proposed Amended Complaint,* ¶ 6-7.

## ARGUMENT

### POINT I.
### THE COURT SHOULD GRANT SUMMARY JUDGMENT DISMISSING THE COMPLAINT AS THE NAMED DEFENDANT IS NOT THE OWNER OR OPERATOR OF THE ON-LINE RESERVATION SYSTEM OR THE THIRD-PARTY WEBSITES.

"To establish liability under Title III of the ADA, the plaintiff must prove that she: (1) has a disability; (2) the defendants are owners or operators of a place of public accommodation; and (3) the defendants discriminated against her by denying her a full and equal opportunity to participate in their facility on the basis of her disability" *Panzica v Mas-Maz, Inc.*, 2007 US Dist LEXIS 42171, at *13-14 [EDNY June 11, 2007, No. CV 05-2595 (ARL)]), citing *Stan v. Wal-Mart Stores, Inc.*, 111 F. Supp.2d 119, 124 (N.D.N.Y. 2000).

Plaintiff has made clear that the on-line reservation system and the third-party websites, as opposed to the physical hotel, are the "places" of public accommodation that she claims have discriminated against her. *See Laufer v. Laxmi & Sons,* 1:19-cv-01501-BKS-ML, Docket 17, *Plaintiff's Memorandum of Law, p. 6.*

Shree Hari is not the owner or the operator of the on-line reservation system or any of the websites at issue. The franchise agreement is clear that the ownership and operation of the on-line reservation system belongs to Choice. The third-party sites are presumably owned and operated by the third-party site owners. Shree Hari has no contact with those third-party sites. Under the Franchise Agreement, Choice makes all marketing decisions for the hotel in its "sole discretion." *Compare Hernandez v SP Ctr., LLC*, 2010 US Dist LEXIS 128511, at *4-7 [SDNY Dec. 1, 2010, No. 10 cv 01654 (GBD)] (where Defendant submitted affidavit it was not owner or operator of the premises at issue, case against Defendant was dismissed).

5

## POINT II.
## IN THE ALTERNATIVE, THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO JOIN NECESSARY PARTIES.

Rule 12(b)(7) provides for dismissal of a complaint where the plaintiff has failed to join a necessary party under Rule 19. This Rule sets forth a two prong test to determine whether an action must be dismissed pursuant to a 12(b)(7) motion.

First, "in order to determine if a party is 'necessary,' the Court must determine: (1) whether complete relief can be granted to the present parties; or (2) if the third party claims an interest in the disposition of the current proceedings, and that interest would be impaired if he were not a party to the present action, or the present parties would be subject to future liability because of the failure to join the third party." *See Tuscano v Tuscano*, 403 F Supp 2d 214, 224-225 [EDNY 2005], citing Fed. R. Civ. P. 19; *Jota v. Texaco, Inc.*, 157 F.3d 153, 161 (2d Cir. 1998) (recognizing the "necessary" requirement in the rule); *Conntech Dev. Co. v. Univ. of Conn. Educ. Prop.*, 102 F.3d 677, 681 (2d Cir. 1996) (stating that the court must first determine whether the party is necessary, then it must determine whether joinder is feasible).

Here, no relief can be granted to Plaintiff absent joinder of Choice,[2] the owner and operator of the on-line reservation system, and the owners and operators of the third-party websites. Shree Hari has no control over either the on-line reservation system or the third-party websites. It cannot make changes to either, and thus, a judgment against Shree Hari would not get Plaintiff any of the relief she seeks. Instead, such a judgment, requiring changes to these websites would substantially prejudice the owners and operators of the websites who were not made a party to this action.

---

[2] Again, it is not clear if Plaintiff is complaining *only* about the third-party websites or if she is also complaining about the Choice system in some way.

6

Once the Court determines a party is necessary, the Court may order the third-party be joined or the Court may determine dismissal is appropriate. In considering whether dismissal is appropriate, the Court considers "to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." *Tuscano*, 403 F. Supp.2d at 225, citing Fed. R. Civ. P. 19(b). "After careful consideration of the relevant factors, and an application of all the facts and circumstances, the Court must decide whether, "in equity and good conscience the action should proceed among the parties before it, or whether [it] should be dismissed." Tuscano, 403 F. Supp.2d at 255 quoting Jota, 157 F.3d at 162.

Without Choice and the third-party owners and operators of the websites, any order for injunctive relief will be meaningless and Shree Hari will be prejudiced by being ordered to carry out changes it cannot carry out. Moreover, Shree Hari is prejudiced because it is not the owner or operator of the on-line reservation systems or the third-party sites, and thus has no way of knowing what is done, what can be done, what is feasible and what is not. Shree Hari also has no knowledge of what measures the owners and operators have taken to comply with the appropriate regulations.

The parties not before the court will also be prejudiced by being potentially subjected to an order they had no opportunity to litigate. It is not at all clear that the non-parties' systems fail to comply with the ADA. The only concrete allegation Plaintiff has made regarding the systems is that they fail to comply with regulations requiring a specific disabled accessible room be

reserved for a disabled person. But that allegation is easily refuted as the system does identify specific disabled accessible rooms, their amenities, and allows for reservation of a specific room.

In *Weizmann Inst. of Science v Neschis*, 229 F Supp 2d 234, 251 [SDNY 2002], the Court found that a third-party was a necessary party "(b)ased on the relief requested by Plaintiffs in the Complaints" which sought injunctive relief "directly implicating" the third party. The Court ordered Plaintiffs to either join the third-parties or have their injunctive relief claims be dismissed.

The same analysis applies here. The relief sought by Plaintiff directly implicates the third-parties who own and operate the on-line reservation system and the third-party websites. Without them, relief cannot be accorded on the injunctive relief claims. The Court should order their joinder or dismissal of the Complaint if joinder is not achieved. In addition, in this case, the injunctive relief claims are the only federal claims, and if the third-parties are not joined, the Court should decline to exercise supplemental jurisdiction over any non-federal claims.

### POINT III.
### THE MOTION TO AMEND SHOULD BE DENIED AS MOOT, AND THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF STANDING.

The Court has *sua sponte* raised the issue of standing and is currently contemplating the submission by Plaintiff seeking to avoid dismissal for lack of standing.

In an effort to avoid the Court's consideration, Plaintiff has sought to amend her complaint to add additional allegations about her visits to the website and her alleged plan to some day travel New York State.

Plaintiff's additional allegations do not remedy the issues raised in Point I and II above, and the motion to amend should be denied for those reasons.

The additional allegations also do not remedy the issues raised by the Court in its order.

In *Harty v. Greenwich Hosp. Group*, 536 Fed. App. 154 (2d Cir. 2013), the Second Circuit considered the exact question of what injury is sufficient to allege standing in an ADA case. In *Harty*, the Plaintiff had actually been to the hotel at issue once, and could show he regularly visited the exact City in question. The Court still found the allegations of the complaint were insufficient to demonstrate standing because the Plaintiff only visited the hotel one time and did not sufficiently plead a likelihood of return or future injury.

Here Plaintiff does not even attempt to meet this standard. She states only that she has family in New York state without even attempting to localize her alleged family connection. She generically alleges various "attractions" she may want to visit someday. There is not a word about the specific Hotel at issue.

Instead, Plaintiff has brought 26 identical claims against hotels, including at least one more than 3 hours away in Rensselaer County. *See Laufer v. Laxmi & Sons, Inc.*, 19-cv-01501 (BSK/ML). Her generic allegations that she might wish to visit the area "some day" are simply insufficient to demonstrate standing. *See, e.g. Harty, supra.*

Plaintiff instead attempts to rely on her allegations regarding harm from the mere existence of the on-line reservation system, but such an allegation without a credible allegation that Plaintiff will actually use the on-line reservation system for its intended purpose, and not merely as a tester, is also insufficient to confer standing. *Compare Rizzi v Hilton Dom. Operating Co.*, 2019 US Dist LEXIS 120999 [EDNY July 18, 2019, No. CV 18-1127 (SJF)(ARL)]), *adopted by* 2019 U.S. Dist. LEXIS 168724, 2019 WL 4744209 (E.D.N.Y. September 30, 2019) (finding complaint lacked particularized allegations necessary for Plaintiff to have standing to challenge hotel websites where Plaintiff did not allege intention to go to hotel or which specific websites violated standard and what standard was violated); *see also Harty v*

9

*W. Point Realty, Inc.*, 2020 US Dist LEXIS 141893, at *9 [SDNY Aug. 7, 2020, No. 19 CV 8800 (VB)] (dismissing ADA website reservation claim where Plaintiff did no more than make conclusory allegations of possible future injury).

Moreover, at least one Second Circuit Court has held there is no standing where the Plaintiff's only allegation of return is that the Plaintiff intends to return to test the website—an action that is not impeded by the alleged ADA violations claimed by Plaintiff..

> [C]omplaint's allegations do not "show [plaintiff's] plausible intention or desire to return [to the websites] but for the [alleged] barriers to access." *See Disabled in Action of Metro. N.Y. v. Trump Int'l Hotel & Tower*, 2003 U.S. Dist. LEXIS 5145, 2003 WL 1751785, at *7. Here, plaintiff affirmatively alleges his intent to return to the subject websites—to test for compliance with the ADA—despite alleged barriers to access. In other words, plaintiff intends to revisit the subject websites to test for ADA compliance but fails to set forth any allegations suggesting his ability to do so is somehow impeded by defendant's conduct or failure to comply with the ADA and its accompanying regulations.

*See Harty v W. Point Realty, Inc.*, 2020 US Dist LEXIS 141893, at *9 [SDNY Aug. 7, 2020, No. 19 CV 8800 (VB)]. Likewise, Laufer can return to the websites at issue here and test them without any changes being made—she has failed to allege how she is prevented from doing so, and thus, cannot rely solely on tester status to achieve standing.

## CONCLUSION

Plaintiff cannot have it both ways. If her claim is about the websites, then the owners and operators of those websites are the proper parties to this lawsuit. If, as Plaintiff alleges, they have violated the ADA, they are the ones with the ability to make the changes Plaintiff seeks—not an individual Hotel in upstate New York that Plaintiff has no intention of ever visiting.

If, by contrast, the Hotel is where her complaint lies, she has failed to demonstrate subject matter jurisdiction as she makes no concrete and particularized showing of harm, no actual

10

intention or attempt to use the Hotel at issue, and provides nothing more than conclusory allegations regarding her claim.

Either way, this Complaint should be dismissed and the motion to amend should be denied.

Dated: November 17, 2020
Binghamton, New York

*Dawn Lanouette*
Dawn J. Lanouette, Esq. 302595
HINMAN, HOWARD & KATTELL, LLP
Attorneys for Defendant Shree Hari Holdings LLC
Office and Post Office Address
Hinman, Howard & Kattell, LLP
80 Exchange Street
P.O. Box 5250
Binghamton NY  13902-5250
[Telephone: (607) 723-5341]
dlanouette@hhk.com